J-S51013-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| THOMAS PINCKNEY | |
| Appellant | No. 3631 EDA 2016 |

Appeal from the PCRA Order October 19, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0802161-1995

BEFORE: BOWES, J., SHOGAN, J., AND STEVENS, P.J.E.,*

MEMORANDUM BY BOWES, J.: **FILED AUGUST 17, 2017**

Thomas Pinckney appeals from the order dismissing his third *pro se* PCRA petition as untimely. We affirm.

The PCRA court ably set forth the following:

> On September 13, 1995, following a jury trial presided over by the Honorable Eugene H. Clarke, Jr., [Appellant] was convicted of second-degree murder and criminal conspiracy. The trial court imposed the mandatory sentence of life imprisonment for the murder conviction and a lesser term of incarceration for the remaining conviction. On December 31, 1997, the Superior Court affirmed the judgment of sentence. [**Commonwealth v. Pinckney**, 706 A.2d 1256 (Pa.Super. 1997) (unpublished memorandum).] [Appellant] did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.
>
> On January 4, 1999, [Appellant] filed his first *pro se* PCRA petition. Counsel was appointed and subsequently filed a **Turner**/**Finley** no merit letter. On September 8, 1999, the PCRA court issued an order denying the petition and permitted counsel to withdraw. No appeal was pursued.

---

* Former Justice specially assigned to the Superior Court.

On June 3, 2003, [Appellant] filed his second PCRA petition. The PCRA court issued an order dismissing [Appellant's] petition as untimely on November 19, 2003. The Superior Court affirmed the dismissal on August 5, 2004. [**Commonwealth v. Pinckney**, 860 A.2d 1133 (Pa.Super. 2004) (unpublished memorandum).]

On July 31, 2014, [Appellant] filed the instant *pro se*, hybrid PCRA/habeas corpus petition. [Appellant] filed a supplemental PCRA petition on February 19, 2016[,] that was reviewed jointly with his initial petition. Pursuant to Pennsylvania Rule of Criminal Procedure 907, [Appellant] was served notice of the PCRA court's intention to dismiss his petition on July 19, 2016. On October 19, 2016, the PCRA court dismissed his PCRA petition as untimely. On November 14, 2016, the instant notice of appeal was timely filed to the Superior Court.

PCRA Court Opinion, 1/25/17, at 1-2 (internal footnotes omitted). This matter is now ready for our review.

Appellant raises three claims for our consideration:

(1)  Did the Court Read and Review the Psychological and Medical Brief submitted in **Miller v. Alabama**[, 567 U.S. 460 (2012).][?]

(2)  Is [Appellant] part of the Protected Class under the Constitution and Law of Pennsylvania[?]

(3)  Under the Juvenile Act should [Appellant's] case [have] been submitted to Juvenile Court first[?]

Appellant's brief at 2.

- 2 -

Before reaching the merits of this matter, we must first determine whether it is properly before us.[1] It is well-settled that all PCRA petitions, including subsequent petitions, must be filed within one year of the date that a defendant's judgment becomes final, unless an exception to the one-year time restriction is applicable. 42 Pa.C.S. § 9545(b)(1). This time-bar is jurisdictional in nature. Thus, if a PCRA petition is untimely, "neither this Court nor the trial court has jurisdiction over the petition." *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted). Whether a petition is timely is a question of law. As such, our standard of review is *de novo* and our scope of review is plenary. *Commonwealth v. Hudson*, 156 A.3d 1194, 1197 (Pa.Super. 2017).

When a PCRA petition is untimely, the petitioner bears the burden of pleading and proving that one of the statutory exceptions applies. *Id*. If no exception applies, then the petition must be dismissed, as this Court cannot consider its merits. *Id*. The PCRA reads, in relevant part, as follows:

>    (b)    Time for filing petition.-
>
>        (1)    Any petition under this subchapter, including a second
>               or subsequent petition, shall be filed within one year of

---

[1] Appellant styled the instant petition as a petition for *habeas corpus* relief pursuant to the PCRA. It is undisputed that the trial court properly considered this matter as arising under the PCRA. *See Commonwealth v. Turner*, 65 A.3d 462, 465-466 (Pa.Super. 2013) (observing, "[u]nless the PCRA could not provide for a potential remedy, the PCRA subsumes the writ of *habeas corpus*.").

the date the judgment of sentence becomes final, unless the petition alleges and the petitioner proves that:

    i.   the failure to raise the claim previously was the result of interference by the government officials with the presentation of the claim in violation of the Constitution or law of the United States;

    ii.   the facts upon which the claim is predicated were unknown to the petition and could not have been ascertained by the exercise of due diligence; or

    iii.   the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2)   Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S. § 9545(b)(1) and (2).

Here, Appellant's judgment of sentence became final on January 30, 1998, thirty days after this Court affirmed the judgment of sentence and the time for filing a petition for allowance of appeal with our Supreme Court expired. **See Commonwealth v. Pinckney**, 860 A.2d 1133 (Pa.Super. 2004) (unpublished memorandum at *4). Therefore, Appellant had until January 30, 1999, to file a timely PCRA petition. However, he filed the instant petition on July 31, 2014, rendering this petition facially untimely. In order for this Court to exercise its jurisdiction, Appellant must plead and prove one of the three statutory exceptions detailed above.

- 4 -

Appellant alleges that his petition was timely pursuant to 42 Pa.C.S. § 9545(b)(1)(ii) and (iii). In **Commonwealth v. Bennett**, 930 A.2d 1264 (Pa. 2007), our Supreme Court explained that subsection (b)(1)(ii) is triggered "when the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." **Id**. at 1270 (quoting 42 Pa.C.S. § 9545 (b)(1)(ii)). Hence, it concluded that where a petitioner pleads and proves both elements of the exception, the PCRA court has jurisdiction over the claim. Appellant also argues that his petition is based on a newly-recognized constitutional right. That exception to the PCRA's time-bar provides that a PCRA petition is considered timely if it asserts a constitutional right recognized by our High Court or the United States Supreme Court as applying retroactively. 42 Pa.C.S. § 9545(b)(1)(iii).

In order to meet the timeliness exceptions, Appellant relies on **Commonwealth v. Walker**, 92 A.3d 766 (Pa. 2014), which held that expert testimony regarding eyewitness identification was not *per se* impermissible. He maintains that, since the **Walker** decision had not been decided at the time of his trial, its holding represents a fact unknown to him. In addition, he contends that **Walker** created a new constitutional right to expert testimony concerning eyewitness identification. Finally, since **Walker** was decided on May 28, 2014, and Appellant filed his PCRA petition on July

31, 2014, he avers that he invoked his exceptions within the timeframe dictated by 42 Pa.C.S. § 9545(b)(2).

Instantly, this Court has recognized that judicial decisions cannot be considered newly-discovered facts for the purposes of overcoming the PCRA statutory time-bar. *Commonwealth v. Cintora*, 69 A.3d 759, 763 (Pa.Super. 2013) (noting, "Our Courts have expressly rejected the notion that judicial decisions can be considered newly-discovered facts which would invoke the protections afforded by section 9545(b)(1)(ii)."). Moreover, the High Court in *Walker*, *supra*, did not purport to establish a constitutional right to expert testimony regarding eyewitness identification, but rather, it found that, in light of increases in scientific understanding on the topic and developments in case law, a *per se* ban on such testimony was "too extreme an approach in determining whether relevant testimony should be admitted in this area." *Walker*, *supra* at 791. Instead, the High Court left the admission of such evidence to the discretion of the trial court. As Appellant has not pled and proven an exception to the PCRA's statutory time-bar, the PCRA court properly concluded that his petition was untimely.[2]

_____

[2] In his supplemental PCRA petition, Appellant raises a claim that his sentence of life imprisonment without parole violates the Supreme Court's ruling in *Miller v. Alabama*, 567 U.S. 460 (2012). We have previously held that *Miller* does not satisfy the exception provided in 42 Pa.C.S. § 9545(b)(1)(iii) when applied to persons who were eighteen years of age or older when the committed their crimes. *Commonwealth v. Cintora*, 69

*(Footnote Continued Next Page)*

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/17/2017

---

*(Footnote Continued)* ————————

A.3d 759, 764 (Pa.Super. 2013). Although, Appellant did not present his claim pursuant to **Miller** as an exception to the statutory time bar, such a claim would fail since he was nineteen at the time he committed his crimes.